UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VEGA, et al., | 1:07-cv-00225-OWW-TAG |
| Plaintiffs, | REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' APPLICATIONS TO PROCEED IN FORMA PAUPERIS (Docs. 3, 4, 5, 6, 7, 8) |
| vs. | |
| WEEKS WHOLESALE ROSE GROWER, INC., | |
| Defendant. | |

Sergio Vega, Alfonso Rivera, Emiliano Armenta, Juan J. Morales, Jose Nava, and Pedro Rios, through counsel, filed a putative class-action complaint on behalf of themselves and others similarly situated on February 8, 2007. (Doc. 2). The complaint alleged that Weeks Wholesale Rose Grower, Inc., had violated various provisions of the Agricultural Workers Protection Act, 29 U.S.C. § 1801 et seq., and several California laws. (Id.). Each of the plaintiffs separately filed an "Application to Proceed without Prepayment of Fees and Affidavit." ("Application to Proceed IFP" or "IFP Application"). (Docs. 3, 4, 5, 6, 7, 8). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

**DISCUSSION**

Title 28, Section 1915(a)(1) of the United States Code provides, in pertinent part:

> [A]ny court . . . may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

1

28 U.S.C. § 1915(a)(1).[1]  A civil litigant does not qualify for in forma pauperis status if, <u>inter alia</u>, the allegation of poverty is untrue.  28 U.S.C. § 1915(e)(2).  To satisfy the allegation of poverty, a litigant must show that he or she "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents 'with the necessities of life.'"  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339 (1948) (quotations and citations omitted); <u>see</u> also <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305, 1307 (11th Cir. 2004) (affidavit is sufficient if it represents that the litigant is "unable to pay for the court fees and costs, and to provide necessities for himself and his dependents") (<u>citing</u> <u>Adkins</u>, 335 U.S. at 339, 69 S.Ct. at 89); <u>Alfaro v. Sacramento Police Dep't</u>, 2007 WL 114266 at *1 (E.D. Cal. 2007) (findings and recommendations, adopted by the district court on February 20, 2007 (case no. 2:06-cv-2855) stating that "[a]n *in forma pauperis* applicant must demonstrate that . . . he cannot meet court costs and still provide himself and his dependents with the necessities of life." (emphasis in original)).  Moreover, this Court recently implied that real property may be used as security for the filing fee.  <u>See</u> <u>Estate of Bell v. Rose</u>, 2007 WL 470560, *3 & n. 9 (E.D. Cal. 2007) (noting that plaintiff was unemployed and had no cash, but inferring that, had his real property not been the subject of the lawsuit <u>sub judice</u>, the court would have denied plaintiff's IFP application).

The IFP Applications and Affidavits submitted by Rivera, Morales, Nava, and Rios evidence that these plaintiffs lack the financial resources or assets to pay the costs of commencing this action.  (Docs. 4, 5, 7, 8).  However, the same is not true of the remaining plaintiffs.

Plaintiff Vega attests in his IFP Application and Affidavit that he currently receives $450 weekly (<u>i.e.</u>, $23,400/yearly) in unemployment benefits and has $3,500 in an accessible bank account.  (Doc. 3, p. 2).  He states that his assets include a mortgage-free home valued at $250,000, a 2000 Chevy worth $10,000, and a 2005 Honda valued at $12,000.  (<u>Id.</u>).  Vega

---

[1] The filing fee for the instant district court action is $350.  28 U.S.C. § 1914(a).

2

declares that he also has a family home, toward which he makes monthly mortgage payments of $550, but he identifies no other monthly expenses or debts. (Id.). He claims four dependants – his wife and three children. (Id.). Based on the foregoing, the undersigned finds that plaintiff Vega has not satisfied the indigency requirements of 28 U.S.C. § 1915(a)(1) and that he is able to pay costs, or provide the requisite security, to commence this action.

Plaintiff Armenta, also, declares in his IFP Application and Affidavit state that he has sufficient assets to pay the filing fee. (Doc. 6). Specifically, Armenta attests that he earns $600/month (i.e., $31,200/year) and has $35,000 cash or in an accessible bank account. (Id. ). Armenta indicates that he owns a mobile home and two cars, but does not specify whether he presently is making payments on these assets. (Doc. 6 at 2). He further attests that he has three dependents. The 2007 poverty guidelines set by the Department of Health and Human Services specify $20,650 in annual income as the poverty level for a family of four. 72 Fed. Reg. 3147 (Jan. 24, 2007). Because plaintiff Armenta's annual net income exceeds $20,650, and he has $35,000 in accessible cash assets, the undersigned finds that he has not satisfied the indigency requirements of 28 U.S.C. § 1915(a)(1).

Accordingly, IT IS HEREBY RECOMMENDED that

1. The Applications to Proceed IFP filed by Plaintiffs Vega and Armenta (Docs. 3, 6) be DENIED;

2. Because there is only one filing fee to be paid in this multi-plaintiff action, and because Plaintiffs Vega and Armenta are financially able to pay the filing fee, the Applications to Proceed IFP filed by the remaining Plaintiffs Rivera, Morales, Nava, and Rios (Docs. 4, 5, 7, 8) be DENIED; and

3. The Plaintiffs be given fifteen (15) days to pay the $350 filing fee.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within ten (10) <u>court</u> days after being served with a copy, any party may file written objections
2  with the court and serve a copy on all parties. Such a document should be captioned "Objections
3  to Magistrate Judge's Report and Recommendations." Responses to the objections shall be
4  served and filed within ten (10) <u>court</u> days after service of the objections. The Court will then
5  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are
6  advised that failure to file objections within the specified time may waive the right to appeal the
7  District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10 Dated:  **February 23, 2007**                                  /s/ Theresa A. Goldner
   **j6eb3d**                                                    UNITED STATES MAGISTRATE JUDGE