Stan S. Mallison, (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549
Telephone: (925) 283-3842
Facsimile: (925) 283-3426
StanM@Mallisonlaw.com
HectorM@Mallisonlaw.com

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

|  |  |
|---|---|
| SERGIO VEGA, ALFONSO RIVERA, JUAN MORALES, EMILIANO ARMENTA, PEDRO RIOS, and JOSE NAVA on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>WEEKS WHOLESALE ROSE GROWER, INC., doing business as "Weeks Wholesale Rose Grower" and "Weeks Roses,"<br><br>DEFENDANTS. | Case No. 1:07-cv-00225-OWW-TAG<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **Violations of the Agricultural Workers Protection Act**<br>2. **Failure to Pay Overtime Wages**<br>3. **Failure to Pay Minimum Wages**<br>4. **Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof**<br>5. **Failure to Indemnify Employees for All Necessary Expenditures**<br>6. **Failure to Pay Timely Wages Due at Termination**<br>7. **Knowing and Intentional Failure to Provide Itemized Employee Wage Statement Provisions**<br>8. **Breach of Contract**<br>9. **Failure to Timely Allow Inspection or Copying of Employee Records**<br>10. **Violation of Unfair Competition Law**<br>11. **California Labor Code Private Attorneys General Act (PAGA)**<br><br>**[PAGA AMENDMENTS PURSUANT TO CALIFORNIA LABOR CODE §2699.3]**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS, SERGIO VEGA, ALFONSO RIVERA, JUAN MORALES, EMILIANO ARMENTA, PEDRO RIOS, and JOSE NAVA (Collectively with Defendants other employees "PLAINTIFFS") bring this action against WEEKS WHOLESALE ROSE GROWER, INC. doing business as "Weeks Wholesale Rose Grower" and "Weeks Roses" ("DEFENDANT" or "WEEKS ROSES"), on behalf of themselves, all others similarly situated, and the general public, and allege upon information and belief, which is based upon the investigation of their counsel, except as to the allegations concerning PLAINTIFFS or their counsel which are made upon PLAINTIFFS' personal knowledge as follows:

## I.      NATURE OF THE ACTION

1.      This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure to vindicate rights afforded the class by Federal and California law and.  This action is brought on behalf of a class that includes PLAINTIFFS and all current and former employees of DEFENDANT who are similarly situated, to secure and vindicate rights afforded them by the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), California Labor Code §§ 200 et. seq. and 2698 *et seq.*; California Business and Professions Code §17200 et. seq.; and California Contract and Conversion law.

2.      DEFENDANT'S violations revolve around providing employees false and misleading information regarding the terms and conditions of employment with PLAINTIFFS and the Class, violating the terms of the working arrangement made with PLAINTIFFS and the Class, failing to pay wages when due, failing to pay its employees all wages owed, minimum wages, and overtime, failure to provide all rest and meal periods, failure to reimburse employees for expenses reasonably incurred, and failure to comply with the record keeping, wage statement and payment deadline provisions of California law and AWPA.   As a result of these violations, DEFENDANT have violated provisions of federal and California labor laws, California Business & Professions Code §§17200 et. seq., violated its written contractual obligations (both express and implied) with its employees and converted monies and labor to DEFENDANT'S use.

3.      The first ten causes of action are Class Action claims brought pursuant to Rule 23 of the FRCP.

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

4.    The final cause of action is brought primarily as a non-class claim under the California Labor Code Private Attorneys General Act (Cal. Labor Code §§ 2968 *et seq.*). Plaintiffs have a substantive right pursuant to the California Labor Code to stand in the shoes of the State of California for purposes of this claim and no class certification is required for this claim.  As one recent California Appellate court has recently held:

> The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a private attorney general to collect penalties from employers who violate labor laws. Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct. Restitution is not the primary object of a PAGA action, as it is in most class actions. ( People v. Pacific Land Research Co. (1977) 20 Cal.3d 10, 17; Corbett v. Superior Court, supra, 101 Cal.App.4th at p. 683.) Thus, both the purpose and the language of PAGA indicate an enforcement action on behalf of others need not be brought as a class action.

Arias v. Superior Court, 2007 WL 21111017.  As such, Plaintiffs wish to pursue this claim as a non-class action claim.  In the alternative, Plaintiffs can pursue the PAGA claim as a Rule 23 class action.

## JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT

5.    This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, pursuant to 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*; and by 28 U.S.C. §1337 as this action arising under Acts of Congress regulating commerce. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §2201 & 2202. WEEKS ROSES engages directly in interstate commerce as is admitted on its website which states that WEEKS ROSES is a "wholesale grower of bareroot roses, offering a broad selection of popular, unusual roses to nurseries and garden centers throughout the United States." WEEKS ROSES' website further states in this regard:

**Products & Customers**

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

Weeks Roses has an active customer base of over 1,700, consisting of independent garden centers and wholesale growers who sell mostly to independent retailers …

**Sales and Distribution**

Weeks employs a six-person full time sales force… The U.S. is divided into the following regions: Northeast, Southeast, Midwest, Southwest, Northwest and West Coast. The six direct sales people call on independent retail garden centers and wholesale growers throughout their geographic region.

6.      This Court has supplemental jurisdiction over the California state law and contract claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

7.      Personal jurisdiction over DEFENDANT is proper because DEFENDANT is a California Corporation, or other business entity, licensed to do business and doing business in the State of California, with primary agricultural facilities – the focus and genus of the illegal activity in this case  - are located within California.

8.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §1391 because this District is the district in which PLAINTIFFS and the DEFENDANT resides and a district in which a substantial part of the events or omissions giving rise to the claims occurred and pursuant to 29 U.S.C. §1854.

## INTRADISTRICT ASSIGNMENT

9.      This case is properly assigned to the Fresno Division of the Eastern District of California pursuant to Local Rule 3-120(d) because the action arose in Kern County, California.

## II.      PARTIES

**PLAINTIFFS**

10.      Plaintiff Sergio Vega ("VEGA") is a California resident.  At all relevant times herein, VEGA has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S agricultural facilities at, or around, Wasco, California. VEGA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay

- 4 -

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

in conformance with California wage and hour requirements.  The text of any written terms of contract are contained within records which DEFENDANT have refused to timely produce pursuant to a proper request under California Labor law.  However, by operation of law and implied into any employment contract, VEGA must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008. VEGA has worked for DEFENDANT during Class Period define below. VEGA is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S agricultural operations in or near Kern County at various times during the Class Period.  As a result of DEFENDANT'S violations of the Labor and Business & Professions Code, VEGA has suffered injury in fact and has lost money or property as a result of DEFENDANT'S practices.

11.    Plaintiff Alfonso Rivera ("RIVERA") is a California resident.  At all relevant times herein, RIVERA has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S agricultural facilities at, or around, Wasco, California.  RIVERA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements.  The text of any written terms of contract are contained within records which DEFENDANT have refused to timely produce pursuant to a proper request under California Labor law.  However, by operation of law and implied into any employment contract, RIVERA must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008.  RIVERA has worked for DEFENDANT during Class Period define below. RIVERA is, or was, an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and are, or were, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S agricultural operations in or near Kern County at various times during the

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

Class Period.  As a result of DEFENDANT'S violations of the Labor and Business & Professions Code, RIVERA has suffered injury in fact and has lost money or property as a result of DEFENDANT'S practices.

12.    Plaintiff Juan J. Morales ("MORALES") is a California resident.  At all relevant times herein, MORALES has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S agricultural facilities at, or around, Wasco, California.  MORALES was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements.  The text of any written terms of contract are contained within records which DEFENDANT have refused to timely produce pursuant to a proper request under California Labor law.  However, by operation of law and implied into any employment contract, MORALES must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008.  MORALES has worked for DEFENDANT during Class Period define below. MORALES is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S agricultural operations in or near Kern County at various times during the Class Period.  As a result of DEFENDANT'S violations of the Labor and Business & Professions Code, MORALES has suffered injury in fact and has lost money or property as a result of DEFENDANT'S practices.

13.    Plaintiff Emiliano Armenta ("ARMENTA") is a California resident.  At all relevant times herein, MORALES has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S agricultural facilities at, or around, Wasco, California.  ARMENTA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements.  The text of any written terms of contract are contained within records which DEFENDANT have refused to timely produce pursuant to a proper request under California Labor law.  However, by

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

operation of law and implied into any employment contract, ARMENTA must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008.  ARMENTA has worked for DEFENDANT during Class Period define below. ARMENTA is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S agricultural operations in or near Kern County at various times during the Class Period.  As a result of DEFENDANT'S violations of the Labor and Business & Professions Code, ARMENTA has suffered injury in fact and has lost money or property as a result of DEFENDANT'S practices.

14.    Plaintiff Pedro Rios ("RIOS") is a California resident.  At all relevant times herein, RIOS has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S agricultural facilities at, or around, Wasco, California.  RIOS was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements.  The text of any written terms of contract are contained within records which DEFENDANT have refused to timely produce pursuant to a proper request under California Labor law.  However, by operation of law and implied into any employment contract, RIOS must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008. RIOS has worked for DEFENDANT during Class Period defined below. RIOS is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S agricultural operations in or near Kern County at various times during the Class Period.  As a result of DEFENDANT'S violations of the Labor and Business & Professions Code, RIOS has suffered injury in fact and has lost money or property as a result of DEFENDANT'S practices.

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

15.    Plaintiff Jose Nava ("NAVA") is a California resident.   At all relevant times herein, NAVA has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S agricultural facilities at, or around, Wasco, California.   NAVA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements.  The text of any written terms of contract are contained within records which DEFENDANT have refused to timely produce pursuant to a proper request under California Labor law.  However, by operation of law and implied into any employment contract, NAVA must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008.  NAVA has worked for DEFENDANT during Class Period define below. NAVA is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S agricultural operations in or near Kern County at various times during the Class Period.  As a result of DEFENDANT'S violations of the Labor and Business & Professions Code, NAVA has suffered injury in fact and has lost money or property as a result of DEFENDANT'S practices.

16.    On information and belief, PLAINTIFFS' and the Class' injury-in-fact amounts to many hundreds of thousands of dollars, if not more, to the Class.  PLAINTIFFS, and each member of the Class they seek to represent, were regularly subjected to, or had personal knowledge of, the violations described in this Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel.

**DEFENDANT**

17.    DEFENDANT, WEEKS WHOLESALE ROSE GROWER, INC. doing business as "Weeks Wholesale Rose Grower" and "Weeks Roses" ("DEFENDANT" or "WEEKS ROSES" is a wholesale grower of bareroot roses, offering a broad selection of popular, unusual

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

roses to nurseries and garden centers throughout the United States.    Weeks Roses, offers a

selection of Specialty Roses, Hybrid Tea Roses, Floribundas, Grandifloras, Heirloom Roses,

Climbing Roses, Miniature Roses, Own Root Roses and Tree Roses on a wholesale basis to

approximately 1700 wholesale customers across the United States.  The agent for service of

process is Roger Thulin, 30135 McCombs Rd., Wasco, California.

18.    Pursuant to Labor Code § 2699.3(a), prior to the filing of this complaint Plaintiffs

gave written notice by certified mail to Defendant and the Labor and Work Force Development

Agency of the factual and legal bases regarding the violations of labor laws and regulations

alleged in this complaint. Plaintiffs here amend this complaint in accordance with Labor Code §§

2699.3 (a)(2)(A) and (a)(2)(C) to seek all applicable penalties for violations which the Labor and

Work Force Development Agency failed to investigate and/or issue a citation.

19.    DEFENDANT'S violations as described in this complaint were knowing,

intentional, deliberate and willful.

### III.    FACTUAL BACKGROUND

20.    This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP")

Rule 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker

Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the California Labor Code, California

Business and Professions Code § 17200 *et seq,* and California contract and tort law.  This action

is brought on behalf of PLAINTIFFS and a Class comprising all non-exempt agricultural

employed or formerly employed by DEFENDANT at DEFENDANT'S Wasco California

agricultural facility or facilities.  This action is also brought pursuant to the California Private

Attorneys General Act (Cal. Labor Code §§ 2698 *et seq.*) (hereafter "PAGA") by Plaintiffs for

themselves and all other employees of Defendant to enforce the labor laws of the State of

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

California. The action seeks recovery for wages and compensation due and owing to PLAINTIFFS and the Class under federal and California laws for the maximum period allowed to the present (the "Class Period"), as well as penalties pursuant to PAGA owed to Plaintiffs, Defendant's employees and the State, as set out below.  For at least four years prior to the filing of this action and through to the present, DEFENDANT maintained and enforced against its non-exempt employees, among others, unlawful practices and policies, in violation of California state wage and hour laws, including:

a.      forcing Class Members, including PLAINTIFFS, to work "off-the-clock" time without compensation as required by California state laws and failed to pay minimum wage for all time worked as required by Federal and California Law;

b.      failing to provide Class Members, including PLAINTIFFS, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, as required by California and Federal law;

c.      requiring Class Members, including PLAINTIFFS, to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided, as required by California and Federal Law;

d.      failing to provide Class Members, including PLAINTIFFS, with accurate itemized wage statements as required by California state laws; and other Federal and California Law;

e.      failing to maintain accurate time-keeping records of Class Members, including PLAINTIFFS, and the Class as required by Federal and California;

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

f.    failing to pay Class Members, including PLAINTIFFS, overtime pursuant to California Labor Code provisions and Industrial Welfare Commission Wage Orders and other Federal and California Law;

g.    failing to pay Class Members, including PLAINTIFFS, statutory penalties pursuant to California Labor Code §§ 201, 202, 203 and other Federal and California Law;

h.    failing to timely provide complete records to employees upon request pursuant to California Labor Code §226 and other Federal and California Law;

i.    refusing to permit employees to copy their employment records in violation of California Labor Code §226 and other Federal and California Law;

j.    forcing employees to purchase, use, and/or maintain tools and equipment (including gloves, scissors, and automobile) and failing to reimburse employees for these expenses at their fair rental value in violation of California Labor Code §2802 and other Federal and California Law;

21.    On information and belief, DEFENDANT was on notice of the improprieties alleged herein by their employees, PLAINTIFFS and the Class they seek to represent, and intentionally refused to rectify their unlawful policies.  DEFENDANT'S violations alleged above, during all relevant times herein was willful and deliberate.

22.    DEFENDANT has made it difficult to account with precision for the unlawfully withheld wages due DEFENDANT'S non-exempt employees, including PLAINTIFFS, during all relevant times herein, because DEFENDANT did not implement and preserve a record-keeping method to record all hours worked and to record correct wages.

23.    PLAINTIFFS, on behalf of themselves and all Class Members, pursuant to AWPA, 29 U.S.C. § 1801 et seq. seek declaratory relief, statutory damages, actual damages, interest, and/or injunctive relief.

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

24.     PLAINTIFFS, on behalf of themselves and other non-exempt agricultural employees employed by, or formerly employed by DEFENDANT, bring this action for penalties pursuant to PAGA, as well as for damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit; declaratory relief, restitution, and restitutionary disgorgement of all profits or benefits retained by DEFENDANT, and other remedies as a result of their failure to comply with the above laws.

25.     On information and belief, DEFENDANT were on notice of the improprieties alleged herein by their employees, PLAINTIFFS and the Class they seek to represent, and intentionally refused to rectify their unlawful policies.

26.     DEFENDANT'S requirement that non-exempt employees work "off the clock" and without compensation, work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods, in addition to the other violations alleged above, during all relevant times herein was willful and deliberate.

27.     DEFENDANT have made it difficult to account with precision for the unlawfully withheld wages due DEFENDANT'S non-exempt employees, including PLAINTIFFS, during all relevant times herein, because they did not implement and preserve a record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d) and IWC wage orders.

28.     DEFENDANT have failed to comply with California Labor Code section 226(a) by itemizing in wage statements all wages earned and accurately reporting total hours worked by PLAINTIFFS and the members of the proposed class.  PLAINTIFFS and Class Members are therefore entitled to statutory penalties not to exceed $4000 for each employee pursuant to Labor Code § 226(e).

### IV.     CLASS ACTION ALLEGATIONS

29.     PLAINTIFFS brings this action on behalf of themselves and all others pursuant to the Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.  PLAINTIFFS seek to represent the

following Rule 23 Class:

> All non-exempt employees, who are employed or have been employed by DEFENDANT as agricultural workers in or around Wasco, California within four (4) years of the filing of this Complaint through the date of final disposition of this action. (the "California Class").

30.    On information and belief, the legal and factual issues are common to the Class and affected all Members of the Class.  PLAINTIFFS reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

**A.    Numerosity**

31.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, PLAINTIFFS are informed and believe that DEFENDANT during the relevant time periods employed as many as 200 persons at any given time at the Wasco, California facility who are, or have been, affected by DEFENDANT'S unlawful practices as alleged herein.

32.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially and the class could exceed 400-500 employees.  Upon information and belief, PLAINTIFFS allege that DEFENDANT'S employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.  Class members are largely, if not wholly, low wage Spanish speaking workers with little knowledge of labor law of the federal court system.

**B.    Commonality**

33.    There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

> a.    Whether DEFENDANT violated the California Labor Code and Wage Orders by not compensating PLAINTIFFS and other Class Members for all hours worked at minimum or contractual rates;

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

b.    Whether DEFENDANT violated the California Labor Code and Wage Orders by compensating PLAINTIFFS and other Class Members at hourly wage rates below the minimum wage rate;

c.    Whether DEFENDANT violated the California Labor Code and Wage Orders by compensating PLAINTIFFS and other Class Members at rates below the required overtime rate;

d.    Whether DEFENDANT violated the California Labor Code and Wage Orders by failing to provide daily rest periods to PLAINTIFFS and other Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours' wages in lieu of rest periods;

e.    Whether DEFENDANT violated the California Labor Code and Wage Orders by failing to provide required meal periods to PLAINTIFFS and other Class Members and failing to compensate said employees one hours' wages in lieu of meal periods;

f.    Whether DEFENDANT violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of PLAINTIFFS' and other Class Members' earned wages and work periods, itemize all hours worked and wages earned, and accurately maintain other records pertaining to PLAINTIFFS and the other Class Members;

g.    Whether DEFENDANT violated the California Labor Code and Wage Orders by failing to pay all earned wages and/or premium wages due and owing at the time that the employment of any Class Members, including PLAINTIFFS were terminated;

h.    Whether DEFENDANT violated the California Labor Code, including section 2802, by failing to compensate PLAINTIFFS and

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

other Class members for necessary expenses;

i.     Whether DEFENDANT violated section 17200 et seq. of the Business and Professions Code by the actions contained in this complaint;

j.     Whether DEFENDANT violated California Labor Code 226 by failing to timely provide employee records to employees upon request;

k.     Whether Plaintiffs are entitled to relief under AWPA for the violations described in this Complaint;

l.     Whether DEFENDANT failed to pay Class Members, including PLAINTIFFS, statutory penalties pursuant to California Labor Code §§ 201, 202, 203;

m.     Whether DEFENDANT failed to timely provide complete records to employees upon request pursuant to California Labor Code §226 and other California Labor Code Sections;

n.     Whether DEFENDANT violated California Labor Code §226 by refusing to permit employees to copy their employment records.

o.     Whether Defendants breached their contracts with employees by the above actions;

p.     Whether PLAINTIFFS and other Class Members are entitled to damages, restitution, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to Federal and California Labor Code and Wage Orders, Business and Professions Code section 17200 et seq.;

q.     Whether DEFENDANT is subject to penalties under Cal. Labor Code §§ 2698 et seq. for the Labor Code violations PLAINTIFFS

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

allege in this complaint on behalf of themselves and all other

current and former employees; and

r.    Whether DEFENDANT is liable to PLAINTIFFS, other current and

former employees of DEFENDANTS, and the State of California for

penalties under Cal. Labor Code §§ 2698 *et seq.*

There are no individualized factual or legal issues for the court to resolve other than the

application of a formula to DEFENDANT'S payroll databases to calculate each Class

Members' claim.

**C.    Typicality**

34.    The claims of the named PLAINTIFFS are typical of the claims of the Class.

PLAINTIFFS and all members of the Class sustained injuries and damages arising out of and

caused by DEFENDANT'S common course of conduct in violation of California and federal

laws, regulations, and statutes as alleged herein.

**D.    Adequacy of Representation**

35.    PLAINTIFFS will fairly and adequately represent and protect the interests of the

members of the Class.  PLAINTIFFS have no interests which are adverse to the Class.  Counsel

who represent PLAINTIFFS are competent and experienced in litigating large employment class

actions.

**E.    Superiority of Class Action**

36.    A class action is superior to other available means for the fair and efficient

adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

questions of law and fact common to the Class predominate over any questions affecting only

individual members of the Class.  Each member of the Class has been damaged and is entitled to

recovery by reason of DEFENDANT'S unlawful policy and/or practices described herein.

37.    Class action treatment will allow those similarly situated persons to litigate their

claims in the manner that is most efficient and economical for the parties and the judicial system.

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

1   PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management

2   of this action that would preclude its maintenance as a class action.

3                              **V.    CAUSES OF ACTION**

4          38.    All causes of action described herein are brought on behalf of both PLAINTIFFS

5   individually and the Class, except that the eleventh cause of action is brought additionally on

6   behalf of other current and former aggrieved employees pursuant to PAGA.

7                              **FIRST CAUSE OF ACTION**

8                              **(VIOLATION OF AWPA)**

9          39.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

10  herein.

11         40.    As described in this complaint, Defendants intentionally violated PLAINTIFFS'

12  and the Class Members' rights under AWPA by:

13         • providing false and misleading information regarding the terms
            and conditions of employment of PLAINTIFFS and the Class
            Members;

14
15         • failing to make, keep, and preserve payroll records for each
            Plaintiff and Class Member for each pay period;

16         • failing to provide  PLAINTIFFS and the Class Members with
17          itemized pay statements showing all of the information required to
            be maintained in the payroll record;

18         • violating the terms of the working arrangement made with
19          Plaintiffs in California; and/or by

20         • failing to pay wages when due.

21         41.    For each violation of AWPA, each member of the classes are entitled to recover

22  his or her actual damages <u>or</u> up to $500 per violation in statutory damages.  29 U.S.C. § 1854.

23                             **SECOND CAUSE OF ACTION**

24         **(FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION)**

25         42.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth

26  herein.

27         43.    PLAINTIFFS believe that IWC Wage Orders 13-2001 and/or 14-2001 applies to

28

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

most of the work that is done for the employer. Wage Order 13-2001 states:

> Overtime hours shall be compensated:
>
> (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and
>
> (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

44.    IWC Wage Orders 14-2001 states that overtime hours shall be compensated in the following manner:

> (A)  The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school:  such employees shall not be employed more than ten (10) hours in any one workday or more than six (6) days in any workweek unless the employee receives one and one-hald (1 ½) times such employee's regular rate of pay for all hours worked over ten (10) hours in any workday and for the first eight (8) hours on the seventh (7[th] day of work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7[th]) day of work in the workweek

These Wage Orders are authorized under California Labor Code §1185.

45.    California Labor Code §500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

46.    As described herein, DEFENDANT violated the above Wage Orders, by employing PLAINTIFFS and the Class in excess of the limits provided by these wage orders without time and one half or double time pay.

47.    PLAINTIFFS, individually and on behalf of the Class, may enforce these provisions pursuant to Labor Code §1194(a) and Business and Professions Code §17200 et seq. California Labor Code §1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

1  overtime compensation, including interest thereon, reasonable attorney's
   fees and costs of suit.

2

3  48.    WHEREFORE, PLAINTIFFS and the Class are entitled to the unpaid balance of

4  the full amount of the above noted overtime compensation, interest, reasonable attorney's fees,

5  and costs of suit pursuant to California Labor Code §1194(a).

6  **THIRD CAUSE OF ACTION**

7  **(FAILURE TO PAY MINIMUM WAGE)**

8  49.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

9  herein.

10 50.    DEFENDANT failed to pay minimum wage "for all hours worked."  For

11 example, PLAINTIFFS and the Class were forced to work "off-the-clock" time without

12 compensation by having to be on-site ready to work, and punched in, but are not paid for this

13 time, and during other times of the work day.  For example, PLAINTIFFS were required to

14 perform "donning and doffing" work for their employer – putting on and taking off special gear

15 at the work site – off of the clock.

16 51.    California Labor Code §1197, entitled "Pay of Less Than Minimum Wage" states:

17     The minimum wage for employees fixed by the commission is the
       minimum wage to be paid to employees, and the payment of a less wage
18     than the minimum so fixed is unlawful.

19 52.    The applicable minimum wages fixed by the commission for work during the

20 years 2002-2006 is found in the Wage Orders which state that:

21     Every employer shall pay to each employee wages not less than . . . six
       dollars and seventy-five cents ($6.75) per hour for all hours worked
22     effective January 1, 2002 . . .

23 These Orders was recently amended to provide for a minimum wage of $7.50 per hour for work

24 done during 2007 and $8.00 for work done in 2008.

25 53.    The minimum wage provisions of California Labor Code are enforceable by

26 private civil action pursuant to California Labor Code §1194(a) which states:

27     Notwithstanding any agreement to work for a lesser wage, any employee
       receiving less than the legal minimum wage or the legal overtime
28

- 19 -
FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

54.    As described in California Labor Code §§1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

55.    California Labor Code §1194.2 also provides for the following remedies:

In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

56.    DEFENDANT have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for DEFENDANT a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud PLAINTIFFS and the Class and have, therefore, also violated California Labor Code §226(a).

57.    As a result of DEFENDANT'S violations of the minimum wage by failing to record and pay minimum wage for all hours worked, DEFENDANT violated California Labor Code §226(a) by inaccurately stating gross wages earned, total hours worked, deductions, net wages, gross wages, and other issues as described above.  DEFENDANT also violated California Labor Code §226.6 and IWC Wage Orders.

58.    WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid minimum wages, liquated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

## FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE REST PERIODS AND MEAL PERIODS OR COMPENSATION IN LIEU THEREOF)

59.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

60.    PLAINTIFFS allege that the Class, including PLAINTIFFS, worked for periods of more than five hours without a duty-free meal period of no less than thirty minutes and were

not authorized and/or permitted to take full ten-minute rest periods in the employ of DEFENDANT.

61.    California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

62.    Wage Order 13-2001 states with regards to meal periods:

(A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period" shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

63.    Wage Order 14-2001 similarly states with regards to meal periods:

Every employer shall authorize and permit all employees after a work period of not more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period" shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

64.    DEFENDANT violated California Labor Code §§226.7 and Wage Orders by failing to provide, authorize and/or permit mandated meal periods.  As such, DEFENDANT is liable for one hour of additional pay at each respective employee's regular rate of compensation for each work day that the meal periods were not lawfully provided.

65.    Wage Order 13-2001 states with regards to rest periods:

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

66.     Wage Order 14-2001 states with regards to rest periods:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

67.     DEFENDANT violated California Labor Code §226.7 and the wage orders by failing to authorize and permit rest periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

68.     PLAINTIFFS and, on information and belief, the Class Members they seek to represent, did not voluntarily or willfully waive rest and/or meal periods.   Any express or implied waivers obtained from PLAINTIFFS and/or Class Members was not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion.  DEFENDANT did not provide, permit or authorize PLAINTIFFS and, on information and belief, Class Members to take meal and/or rest periods in accordance with law.

69.     By failing to keep adequate time records as required by California Labor Code §§ 226 and 1174(d) and other sections of the Labor Code and the wage orders, DEFENDANT have injured PLAINTIFFS and Class Members and made it difficult to calculate the unpaid additional wages due PLAINTIFFS and Members of the Class.

70.     As a result of the unlawful acts of DEFENDANT, the PLAINTIFFS and the Class

- 22 -

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

they seek to represent have been deprived of premium wages, which is an amount resulting directly from the acts complained of.  PLAINTIFFS do not possess information reflecting the number of workdays or total amount of wages owed to the Class as a result of DEFEDANT'S illegal activities.  DEFENDANT has possession of this information and the amount of damages can be calculated after discovery of documents and evidence in DEFENDANT'S possession, PLAINTIFFS are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §1194(a).  PLAINTIFFS do not seek any special damages which do not arise from the wrongful act itself, but depend on the circumstances peculiar to each individual instance of wrongdoing.

71.    WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §1194(a).

### FIFTH CAUSE OF ACTION

**(FAILURE TO INDEMNIFY EMPLOYEES FOR ALL NECESSARY EXPENDITURES OR LOSSES INCURRED)**

72.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

73.    Labor Code § 2802 states that:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Subsection (c) of Labor Code §2802 further states that "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

74.    In this case, PLAINTIFFS and the class was required to incur expenses in procuring reasonable and necessary tools to complete their work.  In addition, PLAINTIFFS were required and expected to use their car for transportation in the field as well as to haul

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

1  equipment, plants and supplies. As such, PLAINTIFFS, individually and on behalf of the Class,

2  may bring this action for reimbursement for tools and reimbursement of the fair rental value of

3  their vehicles, including interest, costs of suit, and attorney's fees pursuant to § 2802(c).

4    75.    WHEREFORE, PLAINTIFFS and the Class are entitled to reimbursement for

5  necessary expenditures and losses incurred by PLAINTIFFS and the Class Members in direct

6  consequence of the discharge of their duties, or of their obedience to the directions of

7  DEFENDANT, and as a result incurred, interest thereon, costs of suit and attorney's fees

8  pursuant to §2802(c).

9

10                    **SIXTH CAUSE OF ACTION**

11          **(FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION)**

12    76.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth

13  herein.

14    77.    California Labor Code Section 201(a) states:

15      If an employer discharges an employee, the wages earned and unpaid at
        the time of discharge are due and payable immediately. . . .

16    78.    California Labor Code Section 202(a)  states:

17      If an employee not having a written contract for a definite period quits his
        or her employment, his or her wages shall become due and payable not

18      later than 72 hours thereafter, unless the employee has given 72 hours
        previous notice of his or her intention to quit, in which case the employee

19      is entitled to his or her wages at the time of quitting. Notwithstanding any
        other provision of law, an employee who quits without providing a 72-

20      hour notice shall be entitled to receive payment by mail if he or she so
        requests and designates a mailing address. The date of the mailing shall

21      constitute the date of payment for purposes of the requirement to provide
        payment within 72 hours of the notice of quitting.

22

23    79.    DEFENDANT willfully failed to timely pay PLAINTIFFS and a large portion of

24  the proposed Class all of their wages due for work performed and this failure continued through

25  the time in which PLAINTIFFS and certain Class Members quit or were discharged from their

26  employment with DEFENDANT.  As a result, DEFENDANT violated California Labor Code

27  §§201 and 202.

28

                        - 24 -
FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

80.    California Labor Code §203 states:

> If an employer willfully fails to pay, without abatement or reduction, in
> accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
> employee who is discharged or who quits, the wages of the employee shall
> continue as a penalty from the due date thereof at the same rate until paid
> or until an action therefore is commenced; but the wages shall not
> continue for more than 30 days… Suit may be filed for these penalties at
> any time before the expiration of the statute of limitations on any action
> for the wages from which the penalties arose.

81.    The statute of limitations for an action for the wages at issue is four years

pursuant to California Business and Professions Code §17208.  As noted above, DEFENDANT

violated California Labor Code §§ 201 and 202 by failing to pay non-exempt employees who

quit, were involuntarily terminated, released after a specific job assignment or time duration, or

were otherwise discharged all of the wages due pursuant to the timelines provided in those

sections.  DEFENDANT willfully failed to pay all wages due as the failure to pay was not

inadvertent or accidental.

82.    PLAINTIFFS and the Class they seek to represent are entitled to compensation

for all forms of wages earned, including, but not limited to, compensation for work done "off-

the-clock" and/or at hourly rates below the minimum wage, overtime premium wages; additional

wages for unprovided rest and meal periods, and other claims described in this complaint, but to

date have not received such compensation therefore entitling them to penalties under Labor Code

§203.

83.    More than 30 days have passed since PLAINTIFFS and many affected Class

Members have left DEFENDANT'S employ, and on information and belief, have not received

payment pursuant to Labor Code §§201, 202 and 203.  As a consequence of DEFENDANT'S

willful conduct in not paying all earned wages, PLAINTIFFS and certain Class Members are

entitled to 30 days' wages as a premium wage or penalty under California Labor Code §203.

84.    WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to

California Labor Code §203 penalties in amounts to be determined at trial.

///

///

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

**SEVENTH CAUSE OF ACTION**

**(KNOWING AND INTENTIONAL FAILURE TO PROVIDE ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS)**

85.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

86.    California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

> i)      gross wages earned,

> ii)     total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

> iii)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

> iv)     all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

> v)      net wages earned,

> vi)     the inclusive dates of the period for which the employee is paid,

> vii)    the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

> viii)   the name and address of the legal entity that is the employer, and

> ix)     all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

87.    DEFENDANT failed to provide "accurate itemized statements" to PLAINTIFFS and Class Members because the wage statements:

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

a.   Falsely understated the gross wages earned by failing to pay for all hours worked

b.   Falsely understated the total hours worked by PLAINTIFFS and Class by ignoring the total of hours actually worked.

c.   Falsely understated the net wages earned by failing to pay for all hours worked.

f.   Falsely understated the "number of hours worked at each hourly rate."

PLAINTIFFS and the Class suffered injury as a result of the above false wage statements.

88.     California Labor Code 226(e) and (g)  provides for the remedy for the violations described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

89.     In addition, Section 1174 of the California Labor Code, and Section 7 of the Wage Orders, require DEFENDANT to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  DEFENDANT have created a uniform practice of knowingly and intentionally failing to comply with California Labor Code §1174.  The failure of DEFENDANT, and each of them, to comply with California Labor Code § 1174 is unlawful pursuant to California Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

90.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the California Labor Code, DEFENDANT have injured PLAINTIFFS and Class Members and

- 27 -

made it difficult to calculate the unpaid wages due PLAINTIFFS and members of the Class and PLAINTIFFS and each Class member so injured is entitled up to $4,000.00 in penalties.

91.    WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to California Labor Code §226(e) in an amount to be determined at trial, not to exceed $4,000 per PLAINTIFFS and Class Members, cost of suit, attorneys' fees and injunctive relief per California Labor Code §226(g).

### EIGHTH CAUSE OF ACTION

### (BREACH OF WRITTEN OR IMPLIED CONTRACT)

92.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

93.    The DEFENDANT entered into written and implied employment contracts with the PLAINTIFFS and the Class whereby DEFENDANT would pay hourly rates of pay.  The terms of this contract are written on the wage statements for employees as required by California Labor Code § 226.  Further, all applicable sections of the California Labor Code and Wage Orders are incorporated into said written employment contracts with PLAINTIFFS and the Class Members by operation of law.

94.    The DEFENDANT breached the contracts of employment into which they entered with the PLAINTIFFS and the Class Members by failing to comply with the promised terms and conditions of employment.

95.    The PLAINTIFFS and the Class Members were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract.

96.    As a direct consequence of DEFENDANT'S breach of the employment contract, the PLAINTIFFS and the Class suffered substantial injury.

### NINTH CAUSE OF ACTION

### (FAILURE TO TIMELY ALLOW INSPECTION OF COPYING OF EMPLOYEE RECORDS)

97.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

- 28 -

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

98.     California Labor Code Section 226(b) states:

An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.   The employer may take reasonable steps to assure the identity of a current or former employee.   If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

99.     California Labor Code Section 226(c) states:

An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current to or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.   A violation of this subdivision is an infraction. Impossibility of performance, not caused by a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision.   An employer may designate the person to whom a request under this subdivision will

100.     On or about December 5, 2006, DEFENDANT were sent a written request to inspect and copy records pursuant to 226(b), 1174, and the Wage Order for PLAINTIFFS and numerous persons in the Class. DEFENDANT did not timely comply with this request. DEFENDANT has refused to pay PLAINTIFFS their statutory damages and timely production of the records was not impossible as, for example, on information and belief DEFENDANT produced many of these documents to the Equal Employment Opportunity Commission during December but failed to produce these same documents to PLAINTIFFS. PLAINTIFFS also requested the reason why it was impossible for DEFENDANT to timely produce these document and DEFENDANT could not provide any reasons.

101.     California Labor Code 226(f) and (g) provides for the remedy for the violations described in above:

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

- 29 -
FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

102.    As such, PLAINTIFFS are entitled to damages of $750 per person, injunctive relief on behalf of PLAINTIFFS and the Class, and attorneys fees and costs for pursuing these remedies.

103.    During mid January, after the time for production had elapsed, DEFENDANT'S counsel contacted PLAINTIFFS and the requesting Class members and informed them that they may produce some of these documents in the future but that such production would be limited to inspection by the employees only and that the employees would not be entitled to copy the documents.  DEFENDANTS also confirmed that despite the fact that the documents were almost entirely written in English and that that the PLAINTIFFS and requesting class members speak Spanish that DEFENDANTS would not only NOT permit copying but would only allow these requesting Class members to inspect without any translators or other agents to help them.

104.    By failing to timely comply with PLAINTIFFS' written request for an opportunity to inspect or copy their employment records, PLAINTIFFS now brings this action for penalties, injunctive relief to ensure compliance with section 226(b) and (c) of the Labor Code, and for an award of costs and reasonable attorney's fees.

105.    WHEREFORE, PLAINTIFFS and the CLASS requests relief as described herein and below.

## TENTH CAUSE OF ACTION

### (UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW)

106.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

107.    DEFENDANT engaged in unlawful activity prohibited by Business and Professions Code §§17200 et seq.  The actions of DEFENDANT as alleged within this complaint, constitute unlawful and unfair business practices with the meaning of Business and

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

Professions Code §§17200 et seq..

108.    As described above, DEFENDANT have conducted the following <u>unlawful</u> activities:

- o   violation of California Labor Code §201 by failing to pay all wages earned and unpaid at the time of certain Class Members' discharge from employment by DEFENDANT;

- o   violation of California Labor Code §202 by failing to pay all wages earned within 72 hours of the time of quitting of certain Class Members from their employment by DEFENDANT;

- o   violation of California Labor Code §206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by DEFENDANT to be due;

- o   violation of California Labor Code §216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such indebtedness is due;

- o   violation of California Labor Code §223 by secretly paying a lower wage to Class Members while purporting to pay the wage designated by statute or by contract;

- o   violation of California Labor Code §226 by failing to provide Class Members with accurate wage statements;

- o   violation of California Labor Code §226 by failing to provide records with the 21 day timeframe permitted by the code;

- o   violation of California Labor Code §226 by failing to permit employees to photocopy their employment records;

- o   violation of California Labor Code §226 by failing to permit employees to meaningfully inspect their employment records;

- o   committing a criminal misdemeanor in violation of California Labor Code §226.6 by knowingly and intentionally violating the provisions of California Labor Code §226;

- o   violation of California Labor Code §226.7 by requiring Class Members to work during meal and rest periods mandated by the applicable Wage Order and filing to provide said Class Members one (1) hour additional wages at the non-exempt employee's regular rate of compensation for each work day that the meal or rest period is not provided;

- o   violation of IWC wage order 13 by failing to pay overtime and minimum wages;

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

1

    o violation of IWC wage order 14 by failing to pay overtime and
     minimum wages;

2

3

    o violation of California Labor Code §§ 1182.11 and 1197 by failing
     to pay at least the minimum wage for all hours worked by Class
     Members;

4

5

    o violation of California Labor Code § 1194 by failing to pay
     minimum and/or overtime wages for all hours worked by Class
     Members;

6

7

    o violation of California Labor Code § 1194.2 by failing to
     liquidated damages for failure to pay minimum wages for all hours
     worked by Class Members;

8

9

10

    o violation of California Labor Code § 2802 by failing to indemnify
     its employees, the Class Members, for all necessary expenditures
     or losses incurred by the employee in direct consequence of the
     discharge of their duties and their obedience to the directions of
     DEFENDANT;

11

12

    o violation of the covenant of good faith and fair dealing and breach
     of contract by failing to comply with promised terms and
     conditions of employment.

13

   109.  DEFENDANT'S activities also constitute <u>unfair</u> practices in violation of Cal.

14

Bus. & Prof. Code §§17200 et seq., because DEFENDANT'S practices violate the above noted

15

laws, and/or violate an established public policy and/or the practice is immoral, unethical,

16

oppressive, unscrupulous, and substantially injurious to PLAINTIFFS and the Class.

17

   110.  As a result of DEFENDANT'S violations of the Labor Code, PLAINTIFFS have

18

suffered injury-in-fact and have lost money or property as a result of DEFENDANT'S practices.

19

This injury-in-fact and lost money or property consists of the lost wages and other restitutionary

20

remedies provided by the Labor Code as detailed in this complaint and other resulting harms.  A

21

tally of these damages cannot readily be determined as the employment records are held

22

exclusively or nearly exclusively in DEFENDANT'S control.  PLAINTIFFS are entitled to

23

restitution, an injunction, declaratory and other equitable relief against such unlawful practices to

24

prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity

25

of lawsuits.  PLAINTIFFS are also seeking in the alternative, by this class action, restitutionary

26

disgorgement of DEFENDANT'S profits into a fluid recovery fund.

27

   111.  As a result of their unlawful acts, DEFENDANT have reaped and continue to reap

28

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Class they seek to represent.  DEFENDANT should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS and the members of the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  PLAINTIFFS are informed and believe, and thereon alleges, that DEFENDANT are unjustly enriched through their failure to pay legal and contractual wages, and/or other remedies.  PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and members of the Class are prejudiced by DEFENDANT'S unfair trade practices.

112.    As a direct and proximate result of the unfair business practices of DEFENDANT, and each of them, PLAINTIFFS, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and members of the Class as a result of the business acts and practices described herein and enjoining DEFENDANT to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code §17208 including any tolling.

113.    The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANT will refrain from such activity in the future.  PLAINTIFFS believes and alleges that if DEFENDANT are not enjoined from the conduct set forth in this Complaint, they will, continue to violate California and federal labor laws. PLAINTIFFS further requests that the court issue a preliminary and permanent injunction.

114.    WHEREFORE, PLAINTIFFS and the Class they seeks to represent request relief as described herein and below.

**ELEVENTH CAUSE OF ACTION**

VIOLATIONS OF Labor Code Private Attorneys General Act

California Labor Code §§2698 *et seq.*

(Against All Defendants on Behalf of PLAINTIFFS and other Current or Former Employees)

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

115.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

116.    PLAINTIFFS submit this Amended Complaint to include allegations pursuant to Labor Code §§ 2698 et seq. (The Private Attorneys General Act of 2004) ("PAGA").  Labor Code § 2699.3(a)(2)(C) provides that, notwithstanding any other provision of law, plaintiffs may as a matter of right amend an existing complaint to add a cause of action arising under §§ 2699 et seq.

117.    PLAINTIFFS are aggrieved employees as defined in Labor Code §2699(a).  They bring this cause on behalf of themselves and other current or former aggrieved employees affected by the labor law violations alleged in this complaint.

118.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

Plaintiffs seek civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, PLAINTIFFS seek civil penalties pursuant to Labor Code § 2699(f) for PLAINTIFFS and other current or former employees for violations of those sections. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to Defendants and to the Labor and Workforce Development Agency of the Labor Code and IWC Wage Order violations averred herein.  The Agency failed to timely notify PLAINTIFFS it would investigate these violations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

119.    PLAINTIFFS seek penalties on behalf of themselves, other aggrieved employees, and the State, as provided by Labor Code § 2699(i).

120.    DEFENDANT is liable to PLAINTIFFS, and  "other current or former employees and the state" for the civil penalties permitted by this complaint set forth in this Amended Complaint.  PLAINTIFFS are also entitled to an award of attorneys' fees and costs as set forth below.

121.    Plaintiffs' PAGA claim does not require Class Certification because these claims are held by the named plaintiffs in this action.  As stated recently by the California Appellate Court:

> Both the language of the PAGA and the express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf of other employees without complying with the requirements of a class action.  Labor Code Section 2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law…" The wording of the PAGA, which authorizes an aggrieved employee to bring an action  "on behalf of himself or herself and other current or former employees… [,]" is similar to the form wording of Business and Professions Code Section 17204, which authorized a person to bring an action "acting for the interests of itself, its members or the general public."… The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a private attorney general to collect penalties from employers who violate labor laws.  Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct. Restitution is not the primary object of a PAGA action ….an action under the PAGA is not for the purpose of recovering damages, but only for the recovery of a civil penalty.  It does not preclude an employee from pursuing any other claim he may have available under law.

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

1    122.    As such, Plaintiffs individually hold a substantive right to bring PAGA claims and

2  no class certification is required as Plaintiffs have no need for a court order authorizing the

3
4  representation of the class.

5                    **VI.    PRAYER**

6        WHEREFORE, PLAINTIFFS pray for judgment as follows:

7        1.    That the Court determine that this action may be maintained as a class with the

8  named PLAINTIFFS appointed as class representatives;

9        2.    For the attorneys appearing on the above caption to be named class counsel;

10        3.    For compensatory damages in an amount according to proof with interest thereon;

11        4.    For a declaratory judgment that each of the DEFENDANT violated the

12                PLAINTIFFS' and the Class Members' rights under AWPA, California Labor and

13                Business and Professions Code as set forth in the preceding paragraphs; and that

14                DEFENDANT violated written and implied contracts with PLAINTIFFS and the

15                Class Members;

16        5.    That DEFENDANT be ordered and enjoined to make restitution to the Class due

17                to their unfair competition, including disgorgement of their wrongfully-obtained

18                revenues, earnings, profits, compensation, and benefits, pursuant to California

19                Business and Professions Code sections 17203 and 17204;

20        6.    That DEFENDANT be enjoined from continuing the unlawful course of conduct,

21                alleged herein;

22        7.    For premium pay, wages, and penalties;

23        8.    For attorneys' fees, interest and costs of suit;

24        9.    For liquidated damages;

25        10.    For reimbursement of  employee expenditures;

26        11.    For Restitution and Damages;

27        12.    For all other relief provided by the AWPA, the California Labor Code, California

28

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial

Business and Professions Code and California contract law;

13.    For all provisions of this code violated as described above except those for which

a civil penalty is specifically provided, a civil penalty of one hundred dollars

($100) for each aggrieved employee per pay period for the initial violation and

two hundred dollars ($200) for each aggrieved employee per pay period for each

subsequent violation.

14.    For all provisions of this code violated as described above for which a civil

penalty is specifically provided, civil penalties for each aggrieved employee as

specifically provided by statute.

15.    For such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFFS hereby demand trial of their and the Class' claims by jury to the extent

authorized by law.

Dated:  September 6, 2007.

                LAW OFFICES OF MALLISON & MARTINEZ
                1042 Brown Ave, Suite A
                Lafayette, CA 94549
                Phone:  (925) 283-3842
                Facsimile: (925) 283-3426

                By:   /s/ Stan S. Mallison_____
                    Stan S. Mallison

                By:   /s/ Hector R. Martinez_____
                    Hector R. Martinez

                Attorneys for PLAINTIFFS

FIRST AMENDED CLASS ACTION COMPLAINT—Demand for Jury Trial