# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VEGA, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WEEKS WHOLESALE ROSE GROWER, ) <br> INC., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:07-cv-00225 TAG <br><br> ORDER DENYING MOTION <br> TO DISMISS FIRST AMENDED <br> COMPLAINT (Doc. 33) <br><br> ORDER SETTING STATUS AND <br> FURTHER SCHEDULING CONFERENCE |

## **PROCEDURAL HISTORY**

Plaintiffs were employed at Defendant's agricultural facility. They initiated this action on February 8, 2007 and filed a first amended class action complaint ("FAC") on September 11, 2007 (Doc. 32). Upon the parties' consent, this action was assigned to the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and F.R.C.P.73. (Doc. 20).

Plaintiffs' claims under the FAC are divided into eleven causes of action: (1) violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801 et seq. ("AWPA"); (2) failure to pay overtime wages; (3) failure to pay minimum wages; (4) failure to provide rest and meal periods or compensation in lieu thereof; (5) failure to indemnify employees for all necessary expenditures; (6) failure to pay timely wages due at termination; (7) failure to provide itemized employee wage statement provisions; (8) breach of contract; (9) failure to timely allow inspection of copying of employee records; (10) violation of unfair competition law; and (11) violation of the California Labor Code Private Attorneys General Act ("PAGA"). (Id.). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

Pending before the Court is a motion to dismiss filed by Defendant Weeks Wholesale Rose Grower Inc., doing business as "Weeks Wholesale Rose Grower" and "Weeks Roses" ("Defendant"). (Doc. 34). Defendant's motion seeks an order dismissing Plaintiffs' fourth (meal and rest breaks), eighth (breach of written or implied contract), and ninth (failure to timely allow inspection or copying of employee records under Labor Code § 226(B)) causes of action under Federal Rule of Civil Procedure 12(b)(6). Defendant's motion also seeks an order declining supplemental jurisdiction for Plaintiffs' state claims pursuant to 28 U.S.C. § 1367. (Docs. 33; 34, p. 10). Plaintiffs filed an opposition to the motion, and Defendant filed a reply thereto. (Docs. 39, 41). The matter came on regularly for hearing before the Court. The Court has read and considered the pleadings, considered the arguments of counsel, and makes the following ruling on the motion. .

## DISCUSSION

### A. Legal Standards for a Motion to Dismiss Under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" Williams ex rel. Tabiu, v. Gerber Products Co., 523 F.3d 934, 938 (9th Cir. 2008)(quoting Bell Atlantic Corp. V. Twombley, __U.S.__, 127 S.Ct. 1955, 1974 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" Id. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1964-1965. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). However, legal

conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

Generally, when a defendant challenges the legal sufficiency of a complaint, the Court's review is limited to the complaint. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir.1993). In determining a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents specifically identified in the complaint whose authenticity is not contested, and matters of which the Court takes judicial notice. Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998), superceded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem Co., 443 F. 3d 676, 681 (9th Cir. 2006); Fecht v. Price Co., 70 F. 3d 1078, 1080 n. 1 (9th Cir. 1995); Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). If the parties present the Court with any other evidence and the Court considers it, the Court must convert the Rule 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. Pro. 12(b)(6); Inlandboatmens Union of the Pacific v. Dutra Group, 279 F. 3d 1075, 1083 (9th Cir. 2002); Anderson v. Angelone, 86 F.3d 932, 934-35 (9th Cir.1996). Absent unusual circumstances, dismissal without leave to amend is improper unless it is clear that the deficiencies cannot be cured by amendment. DeSoto v. Yellow Freight Systems, Inc., 957 F. 2d 655, 658 (9th Cir. 1992).

**B. Application of Federal standards to the causes of action in this case**

**1. AWPA and State Law Claims.**

Under the AWPA, "[a]ny person aggrieved by a violation of this chapter or any regulation under this chapter by a farm labor contractor, agricultural employer, agricultural association, or other person may file suit in any district court of the United States having jurisdiction of the parities... ." 29 U.S.C. §1854(a). Plaintiffs argue that they may sue for recovery of state law violations through the AWPA because the legislation has effectively incorporated those causes of action. Defendant asks the Court to decline supplemental jurisdiction over the state law claims, implicitly contending that those state claims are not incorporated into the AWPA.

The AWPA includes several provisions detailing how an employer must treat an employee. The AWPA provides in relevant part that "[e]ach farm labor contractor, agricultural employer, and

agricultural association which employs any [migrant or seasonal] agricultural worker shall pay the wages owed to such worker when due...[n]o farm labor contractor, agricultural employer, or agricultural association shall, without justification, violate the terms of any working arrangement made by that contractor, employer, or association with any [migrant or seasonal] agricultural worker. 29 U.S.C. § 1822(a), (b); 29 U.S.C. § 1832. The AWPA is "remedial in nature and should be construed broadly to effect its humanitarian purpose." Barajas v. Bermudez, 43 F.3d 1251, 1260 (9th Cir. 1994)(quoting Caro-Galvan v. Curtis Richardson, Inc., 993 F. 2d 1500, 1505 (11th Cir. 1993)); Bracamontes v. Weyerhaeuser Co., 840 F.2d 271, 276 (5th Cir. 1988).

### 2. **Plaintiff's Fourth Claim**.

Plaintiff's fourth claim alleges that class members worked for periods of more than five hours without a duty-free meal period of no less than thirty minutes and were not authorized and/or permitted to take full ten-minute rest periods in the employ of Defendant. (Doc. 32, pp. 20-21). Plaintiffs also allege that, pursuant to California Labor Code § 226.7, employers are prohibited from requiring employees to work during any meal or rest periods "mandated by an applicable order of the Industrial Welfare Commission," and that any breach of that statutory provision entitled the employee to the payment of "one additional hour of pay...for each work day that the meal or rest period is not provided." (Id. at p. 21).

Plaintiffs further allege that Industrial Welfare Commission ("IWC") Wage Order ("WO") Nos. 13-2001 and 14-2001 provide the predicate "mandated" orders that implicate Labor Code § 226.7. (Id.). Plaintiffs allege that Defendant breached the Work Orders when it denied meal and rest periods to Plaintiffs. (Id.).

Defendant's motion to dismiss contends that, to the extent that WO 14-2001 is applicable to these Plaintiffs, Plaintiffs have failed to state a cause of action because it is a permissive and not mandatory Wage Order. (Doc. 34). Moreover, Defendant contends that the Wage Order does not require an offending employer to compensate the employees with wages for any violation of the Wage Order. (Id. at pp. 3-7). In their opposition, Plaintiffs argue that, at the very least, that WO 13-

2001 is applicable to class members, and therefore Plaintiffs have stated a cause of action predicated on that Wage Order.

Wage Order 13-2001 applies "to all persons employed in industries preparing agricultural products for market, on the farm, whether paid on a time, piece rate, commission, or other basis...." Paragraph 2 of WO 13-2001 defines "Industries Preparing Agricultural Products for Market" as follows:

> ...[A]ny operation performed in a permanently fixed structure or establishment on the farm or on a moving packing plant on the farm for the purpose of preparing agricultural, horticultural, egg, poultry, meat, seafood, rabbit, or dairy products for market when such operations are done on the premises owned or operated by the same employer who produced the products referred to herein and includes all operations incidental thereto."

WO 13-2001, ¶ 2(H). Wage Order 14-2001, by contrast, applies to "all persons employed in an agricultural occupation whether paid on a time, piece rate, commission, or other basis...." WO 14-2001, ¶ 1.

As potentially applicable to this case, the phrase "employed in an agricultural occupation" includes (1) the preparation, care, and treatment of farm land, pipeline, or ditches; (2) the sowing and planting of any agricultural or horticultural commodity; (3) the care of any agricultural or horticultural commodity; (4) the harvesting of any agricultural or horticultural commodity; (5) the assembly and storage of any agricultural or horticultural commodity; and (6) the conservation, improvement or maintenance of such farm and its tools and equipment.  WO 14-2001, ¶ 2(D).

Defendant's line of reasoning hinges on the FAC's allegations describing Plaintiffs, in general terms, as "agricultural workers," within the meaning of the AWPA, who worked in Defendant's "agricultural operations" and "agricultural facilities." (Doc. 32, pp. 4-8).  Indeed, Defendant goes so far as to highlight in bold each allegation in which the word "agricultural" is used in the FAC.  (Doc. 41, p. 2).  Defendant argues that to the extent that the FAC relies upon Wage Order 14-2001, pertaining to workers in an "agricultural" occupation , it is defective because that Wage Order, unlike WO 13-2001, does not mandate rest and meal breaks, but merely permits them, and, therefore, Labor Code § 226.7 is not implicated with respect to WO 14-2001.  (Doc. 41). Plaintiffs deny that WO 14-2001 should be so narrowly construed, but nevertheless contend that they

5

have pleaded a sufficient cause of action by predicating the violation of Labor Code § 226.7 on WO 13-2001 and possibly both of the Wage Orders. (Doc. 39).

Defendant may or may not have a valid legal point regarding the permissive nature of meal and rest breaks under Wage Order 14-2001 and its inapplicability to Labor Code § 226.7. However, that is not an issue this Court need decide on this motion to dismiss. At this juncture, the Court is unable to determine, from the facts currently pleaded and the documents presently before the Court, *which* of the Wage Orders is applicable to these Plaintiffs or even if, in fact, both of them may be applicable to employees within the class based on the various types of work and duties they performed for Defendant. The FAC alleges that Defendant is "a wholesale grower of bareroot roses, offering a broad selection of popular, unusual roses to nurseries and garden centers throughout the United States." (Doc. 32, pp. 8-9). The FAC goes on to explain that Defendant offers a variety of roses "on a wholesale basis to approximately 1700 wholesale customers across the United States." (Id. at p. 9).

Given these allegations about the nature of Defendant's operations, it seems likely that a certain percentage of Defendant's employees, including at least some of the class members, would fall within one or more of the categories comprising an "agricultural occupation" as set forth in WO 14-2001. However, far less clear is to what extent the class members, or some of them, also fall within the definition of "all persons employed in industries preparing agricultural products for market, on the farm...," pursuant to WO 13-2001.[1] Common sense would suggest that the roses grown by Defendant would require some kind of "preparation" prior to sale and shipment to wholesale customers throughout the United States and that such "preparations" would at least in part take place inside a structure of facility on the premises of Defendant's agricultural facility. However, the record is simply devoid of facts sufficient for the Court to make a determination in this regard. More importantly, Defendant has offered no evidence to establish that all of the class members are

---

[1] By contending that "to the extent" that WO 14-2004 applies, Plaintiff's have failed to state a cause of action, Defendant implies the converse, i.e., that to the extent that WO 13-2001 applies to class members, Plaintiffs have stated a cause of action. (Doc. 41, p. 2). Indeed, in its Reply brief, Defendant admits as much. (Id.). As discussed in the body of the Order, because the record is insufficient for the Court to determine the "extent" to which either Wage Order applies to class members, the Court cannot, at this stage of the proceedings, resolve this issue.

6

employed *exclusively* in an "agricultural occupation" as provided in WO 14-2001, such that Plaintiffs have failed to state a claim with regard to the applicability of WO 13-2001 to those class members. The Court will not engage in guesswork regarding the makeup of the class members or the types of work they do. As the moving party, it is Defendant's burden to establish an entitlement to dismissal based on this argument, and Defendant has failed to meet its burden.

As support for their contention that dismissal is premature, Plaintiffs refer the Court to Uribe v. Mainland Nursery, Inc., 2007 WL 4356609 (E.D. Ca. Dec. 11, 2007). In that case, the plaintiff employees worked for defendant plant reseller with products ranging from 3" to 16" potted plants. Id. at *2. Defendant bought plants wholesale from original growers and resold them to retailers including, inter alia, Albertson's, Home Depot, K-Mart, and other large retailers. Id. Plaintiffs sued Defendant for a variety of labor violations, including, as here, failure to provide meal periods or compensation therefore, failure to maintain accurate time-keeping records, and failing to provide such records to employees upon request. Id.

Regarding meal and rest periods, the Uribe plaintiffs alleged, as here, a violation of Labor Code § 226.7. Id. Defendant filed a motion to dismiss, arguing, again as here, that plaintiffs were covered by WO 14-2001, which does not require the provision of meal or rest periods. Id. Plaintiffs alleged that defendant was a wholesaler of plants, while defendant contended it was a "grower of nursery stock." Id. In rejecting defendant's motion to dismiss, Judge Damrell held that there was insufficient evidence in the record on which to conclude, at that point in the proceedings, that WO 14-2001 applied to plaintiffs. Id.

The Court finds itself in a similar position in this case. Although Defendant seeks to distinguish Uribe on the grounds that plaintiffs there had sued under the Fair Labor Standards Act, rather than the AWPA, and that the suit alleged that defendant had failed to provide required meal and rest periods to non-agricultural employees, such distinctions fail to diminish the persuasive force of Judge Damrell's decision as it relates to the procedurally similar situation in this case: i.e., a motion to dismiss for failure to state a claim predicated on the applicability of WO 14-2001 to a set of plaintiff employees in order to negate an alleged violation of Labor Code § 226.7.

Defendant has failed to meet its burden by establishing that WO 13-2001 does not apply to any the class members. Put another way, Defendant has failed to definitively establish that WO 14-2001 applies exclusively to all class members so as to negate a cause of action under Labor Code § 226.7.  Accordingly, the motion to dismiss the fourth claim is denied.

### 3. **Plaintiffs' Eighth Claim.**

The eighth claim in the FAC alleges that Defendant breached the written or implied contract of employment with Plaintiffs regarding the hourly pay as well as other unspecified terms and conditions of employment. (Doc. 32, p. 28). The FAC alleges that the terms of the employment contract are written on the employees' wage statements and that, additionally, the terms of employment include, by incorporation, all California statutes and regulations governing workers such as Plaintiffs. (Id.).

Defendant contends that there is no separate cause of action for breach of contract beyond the employer's statutory obligations imposed by California law. (Doc. 34, p. 8; Doc. 41, p. 11). Defendant also argues that no California precedent exists for Plaintiff's proposition that the creation of an employer-employee relationship "renders the full scope of California regulatory and statutory employment law enforceable under contract law." (Doc. 34, p. 8; Doc. 41, p. 13).

Here, Plaintiffs have asserted the existence of an oral and written contract, based at least in part on alleged terms written contained in wage statements, and further contend that all applicable sections of the State's labor laws and Wage Orders are incorporated into these written employment contracts.  Defendant counters that wage statements only contain record-keeping information, not contractual terms, and that the "at will" presumption in California law weighs against Plaintiffs. (Doc. 34, p. 8).

Neither Plaintiffs nor Defendant have presented to the Court any written documents purporting to contain contractual terms between Plaintiffs and Defendant, nor has any party alleged any specific terms of an oral contractual agreement.  As such, the Court cannot determine the nature, extent,  or terms of the contractual relationship between the parties at this time.  Uribe, 2007 WL 4356609 at *4. Viewing the Plaintiffs' allegations as true, and drawing all reasonable inferences

8

therefrom as the Court must on a motion to dismiss, Plaintiffs have sufficiently alleged a claim for breach of contract. Id. Therefore, Defendant's motion to dismiss Plaintiffs' eighth claim is denied.

### 4. Plaintiffs' Ninth Claim.

The FAC's ninth claim alleges that the class members have been harmed by Defendant's violation of California Labor Code § 226(b), in that Defendant has failed to allow timely inspection or copying of employee records by class members. (Doc. 32, p. 28). Defendant's motion to dismiss contends that Plaintiff's lack standing under § 226(b), which is invoked upon a specific request by the employee, because the FAC does not allege that all class members have made the requisite request pursuant to § 226(b). (Doc. 34, p. 10; Doc. 41, p. 14).

California Labor Code § 226(b) provides as follows:

> An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

Cal. Lab. Code § 226(b).

The FAC alleges that "Plaintiffs and numerous persons in the Class" sent a written request to Defendant to inspect and copy records pursuant to § 226(b). (Doc. 32, p. 29). Defendant's argument is apparently premised on the language in § 226(b) imposing an obligation on the employer "upon reasonable request." Defendant reads this to mean that all class members must make such a request. In this regard, Defendant contends that Plaintiffs have not alleged that all class members made such a request and, accordingly, to the extent that less than all the class members made such a predicate request, Defendant is under no obligation regarding those non-notifying class members to provide records and information. (Doc. 34, p. 10). Defendant also contends that § 226(b) applies only to "current or former" employees, not to all potential class members. (Id.). Plaintiffs, on the other hand, contend that they have met the requirements of Fed.R.Civ. P. Rule 23(b), because they are obligated only to plead as to a defendant's act or refusal to act on grounds "generally applicable to the class." (Doc. 39, p. 17).

///

Defendant has not cited, and the Court is not aware of, any California case construing § 226(b)'s "reasonable request" provision to require all members of a class to plead that they themselves have individually made such a request before the class action is allowed to proceed. As Plaintiffs point out, they have met the threshold requirements of Rule 23(b) for maintaining a class action, they have pleaded that Plaintiffs and class members have made appropriate qualifying requests to Defendant under § 226(b), and that Defendant has not complied.

As mentioned previously, dismissal of a claim under Rule 12(b)(6) is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d at 534. Defendant has failed to meet this threshold for dismissal. Certainly, even following Defendant's logic, Plaintiffs have stated a claim as to those class members who had given reasonable notice. The record is unclear as to the remaining class members who, potentially, did not give such statutory notice, and the Court must, of course, construe Plaintiffs' claims liberally and in the light most favorable to the non-moving party. Accordingly, Defendant has not met its burden in this motion to dismiss of establishing an entitlement to dismissal of the ninth claim. .

### 5. Supplemental Jurisdiction Regarding Plaintiffs' State Claims

Defendant's motion to dismiss requests that this Court decline supplemental jurisdiction regarding Plaintiffs' state claims because the state claims predominate over the AWPA claim and because those state claims raise novel and difficult issues of state law. (Doc. 34, pp. 10, 23). Plaintiffs respond that the state claims are neither novel nor difficult and that most of the state claims would have to be resolved in the context of the AWPA claim in any event. (Doc. 39, p. 21).

28 U.S.C. § 1367 addresses supplemental jurisdiction and empowers a district court "in any civil action of which the district courts have original jurisdiction" to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim if the claim "raises a novel or complex issue of State law" or "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c) (1), (2).

### a. Same Case Or Controversy

Supplemental, formerly "pendent," jurisdiction exists where state law claims are so related to claims over which the court has federal question jurisdiction that they form part of the same case or controversy. Picard v. Bay Area Regional Transit Dist., 823 F.Supp. 1519, 1526 (N.D.Cal. 1993). Section 1367(a) gives federal courts supplemental jurisdiction to the limits Article III of the Constitution permits, and in this way ratifies and incorporates the constitutional analysis of the United States Supreme Court made in United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130 (1966). Under Gibbs, to invoke supplemental jurisdiction, "state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." Gibbs, 383 U.S. at 725. While the Supreme Court decision cited by Plaintiffs contains language that could be read to construe 1367(a)'s "same case or controversy" requirement as more lenient than the "common nucleus of operative fact" standard, the Court need not parse those phrases since it concludes that, under either standard, Plaintiffs state claims have meet the supplemental jurisdiction standard. City of Chicago v. International College of Surgeons, 522 U.S. 156, 165-166, 118 S. Ct. 523 (1997). (Doc. 39, p. 20).

As mentioned previously, the AWPA is remedial in nature and must be construed broadly to effect its humanitarian purpose. E.g., Barajas, 43 F.3d at 1260; Caro-Galvan, 993 F.2d at 1505; Bracamontes, 840 F.2d at 276. The AWPA provides many protections for seasonal agricultural workers, including payment of wages when due. Medrano v. D'Arrigo Bros. Co. of Cal, 125 F.Supp.2d 1163, 1165 (N.D. Cal. 2000). The federal law also creates a private right of action and authorizes statutory damages awards. 29 U.S.C. § 1854. The AWPA neither defines nor explains which substantive rights define wages, nor does it limit the source of the obligation to pay wages when due. Medrano. 125 F. Supp. 2d at 1166-1167.

Given the foregoing, the Court concludes that Defendant failed to adequately address the breadth of the AWPA in drawing on state employment law bases for violations of its provisions. California labor law provides a source for Plaintiffs' AWPA claims. Medrano, 125 F.Supp.2d at

1168; see Bran v. Sun Pacific Farming Cooperative, 2008 WL 678494 *3 (E.D. Cal. March 1, 2007). Thus, Plaintiffs' state law claims satisfy the same case or controversy requirement of 28 U.S.C. § 1367(a).

### b. Predominating State Claims

Defendant also contends that Plaintiffs' state law claims predominate, presumably because there are ten of them, compared to the sole AWPA claim in the FAC. Defendant characterizes Plaintiffs' AWPA claim as, essentially, superfluous to the more "complex" state claims. The AWPA must be construed broadly to promote its remedial and humanitarian purpose. Medrano, 125 F.Supp. at 1168. Here, Defendant has failed to demonstrate that state law issues predominate, since the AWPA and state law claims derive from the same case or controversy and from a common nucleus of operative facts. The calculus required to justify the Court's the exercise of supplemental jurisdiction is not strictly numerical. Were that so, supplemental jurisdiction could be declined in most federal cases because state law employment claims tend to outnumber AWPA claims.

Finally, neither party has alleged sufficient facts for this Court to make a determination regarding the degree to which the state and federal claims are intertwined, the degree to which they would require the presentation of discrete and separate evidence, or the degree to which evidence and proof of those claims overlap. In this respect, Defendant has failed to carry its burden of persuading the Court to decline the exercise of supplemental jurisdiction.

### c. Novel And Complex State Law Issues

Defendant asserts that Plaintiffs' state law claims raise novel and unresolved complex state law issues that this Court should address only with great hesitation. Plaintiffs respond that the law governing Plaintiffs' claims is largely settled by state law precedent and is not difficult to apply. For the reasons discussed in the previous section, the Court is not presently in a position to make a clear determination whether the state issues raise novel issues or simply raise established state legal doctrines that must be applied to the unique facts of this case. Thus, Defendant fails to demonstrate that there are novel or complex state law issues which prevent the Court from exercising supplemental jurisdiction.

### d. Judicial Economy

Deciding Plaintiffs' AWPA and state law claims in the same case will promote judicial economy. It will also avoid piecemeal litigation. Defendant has failed to rebut the intertwined nature of the AWPA and state law claims, as well as the likely duplication of both client, attorney and judicial resources inherent in requiring discovery and trial of these issues in separate courts.

### ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. Defendant's motion to dismiss (Doc. 33), is DENIED WITHOUT PREJUDICE.
2. The Court sets this matter for a status and further scheduling conference on September 24, 2008 at 9:30 a.m. at 1200 Truxtun Avenue, Suite 120, Bakersfield, California.

IT IS SO ORDERED.

Dated:   **September 12, 2008**                    /s/ Theresa A. Goldner
                                                                          UNITED STATES MAGISTRATE JUDGE